Per Curiam.

The primary question raised by petitioner relates to the fact that he was prosecuted by means of an information filed by the prosecuting attorney rather than by an indictment of the grand jury.
Authority for this procedure is given by Section 2941.021, Revised Code, which reads as follows:
“Any criminal offense which is not punishable by death or life imprisonment may be prosecuted by information filed in the Common Pleas Court by the prosecuting attorney if the defendant, after he has been advised by the court of the nature of the charge against him and of his rights under the Constitution, is represented by counsel or has affirmatively waived counsel by waiver in writing and in open court, waives in writing and in open court prosecution by indictment. ’ ’
This section was held valid in Ex parte Stephens, 171 Ohio St., 323.
That such a waiver was filed by petitioner is a matter of record. Such waiver read as follows:
“I, Andrew Lee Wells, do of my own free will, and without *200 promises of any kind, after having been advised by the court of the fact that I have been charged with armed robbery, and that I have a right to representation by counsel and that I have a right to prosecution by indictment thru the grand jury, do expressly waive my right to counsel and prosecution by indictment. ’ ’
It is petitioner’s contention, however, that the use of the information procedure against him, even though a consent was filed, was invalid and thus the jurisdiction of the court was never properly invoked. He bases this contention on the fact that the crime to which he pleaded guilty occurred on November 6, 1959, whereas Section 2941.021, Revised Code, did not become effective until November 9, 1959, thus making the use of the information procedure against him an ex post facto operation of the law, rendering such use void.
An examination of Section 2941.021, Revised Code, shows that it creates no new crimes, changes none of the elements of existing crimes nor makes any change in penalty. It merely provides for a new method by which, under certain circumstances, crimes may be charged. The manner by which an accused is charged with a crime, whether by indictment returned by a grand jury or by information filed by the prosecuting attorney, is strictly a matter of procedure, and a change in such procedure does not deprive an accused of any substantial right or protection and thus does not constitute a violation of the ex post facto provisions of the Constitution.
Therefore, where, after a crime has been committed, the procedural methods of charging crimes is amended to include the use of an information, the use of such an information against an accused charging him with the crime does not constitute a violation of the ex post facto provisions of the Constitution. State v. Kyle, 166 Mo., 287; Lybarger v. State, 2 Wash., 552; State v. Hoyt, 4 Wash., 818; and 1 Wharton’s Criminal Law and Procedure, 47, Section 21.
The petitioner contends also that, although he signed this waiver, he did not know the contents thereof nor were his rights explained to him. The petitioner in his own brief admits that at least once after he was apprehended his right of counsel was explained to him. Furthermore, considering the fact that peti *201 tioner had previous experience with criminal prosecutions, it is difficult to believe that he was not fully aware of his rights or of the import of the instrument he signed. In any event, since petitioner pleaded guilty to the charge, no prejudice could have arisen against him. Considering this, together with the verity which must be given to the court records which recite that petitioner’s rights were fully explained to him, his contention in this respect is not well founded.
The petitioner urges that there was an irregularity in his arrest. It is basic that the method of an accused’s apprehension cannot be inquired into in a habeas corpus proceeding after conviction. Hovey v. Warden, 215 Md., 612; and Spence v. Warden, 204 Md., 661. So long as an accused is properly brought before a court by means of a valid indictment or information and the court has jurisdiction of the subject matter, any irregularity in his original apprehension does not affect the validity of his conviction. 25 American Jurisprudence, 169, Habeas Corpus, Section 34.
The court in the present instance had jurisdiction over both the person of the petitioner and the subject matter of the crime, and petitioner has shown no deprivation of any constitutional rights.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, Griffith, Herbert anr* Gibson, JJ., concur.